UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| ANTHONY WANAMAKER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 4:11-cv-60 |
| v. | ) | *Lee* |
| | ) | |
| JEFFREY A. LAWSON d/b/a JEFFREY A. | ) | |
| LAWSON INSURANCE AGENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| DUSTY WANAMAKER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 4:11-cv-61 |
| v. | ) | *Lee* |
| | ) | |
| JEFFREY A. LAWSON d/b/a JEFFREY A. | ) | |
| LAWSON INSURANCE AGENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

The Court ordered the parties to brief the issue of its subject matter jurisdiction over these related cases [4:11-cv-60, Doc. 27; 4:11-cv-61, Doc. 28]. In response, only Plaintiffs briefed the issue of subject matter jurisdiction [4:11-cv-60, Doc. 28; 4:11-cv-61, Doc. 29]. After considering the Plaintiffs' arguments and the applicable law, and for the reasons outlined below, the Court will **ORDER** these cases be **REMANDED** to the Circuit Court for Grundy County, Tennessee.

## I.  BACKGROUND AND PROCEDURAL HISTORY

These actions assert state law contract and tort claims related to crop losses against an insurance agency located in Tennessee and an individual insurance agent residing in Tennessee and his estate. Both cases were removed to this Court from the Circuit Court for Grundy County, Tennessee on November 1, 2011. In the respective notices of removal, Defendants state that removal of each case is proper pursuant to 28 U.S.C. § 1331, because the case arises under federal question jurisdiction by virtue of the Federal Crop Insurance Act ("FCIA"), 7 U.S.C. § 1501 *et seq.* [4:11-cv-60, Doc. 1 at PageID#: 2; 4:11-cv-61, Doc. 1 at PageID#: 2]. Plaintiffs did not timely file a motion to remand either case to state court. However, as noted above, the Court directed the parties to address the issue of its subject matter jurisdiction in each case.[1]

## II.  ANALYSIS

In compliance with the Court's order to address subject matter jurisdiction, Plaintiffs have asserted that they did not seek remand because of the judicial economy of having certain similar

---

[1] The Court is under a continuing obligation to ensure it has subject matter jurisdiction over the cases before it and can raise the issue of jurisdiction *sua sponte* at any time during the pendency of a case. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *see also* 28 U.S.C. § 1447 ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court became aware of a line of cases indicating that FCIA did not create federal question jurisdiction over cases asserting strictly state law claims against private reinsurers of crop insurance or insurance agencies. The Court listed those cases for the parties, along with two early cases reaching the opposite conclusion, *Owen v. Crop Hail Mgmt.*, 841 F. Supp. 297 (W.D. Mo. 1994) and *Brown v. Crop Hail Mgmt., Inc.*, 813 F. Supp. 519 (S.D. Tex. 1993), at the time it requested the parties to brief the issue of its subject matter jurisdiction. Thus, the Court allowed the parties an opportunity to address several cases concluding that either the FCIA did not completely preempt the field of crop insurance to afford federal question jurisdiction over state law claims, did not give rise to a substantial question of federal law, or both, including recent decisions by this Court holding it lacked subject matter justification under facts similar to the facts set forth in both complaints. In fact, there are a dozen cases which have addressed these issues and reached similar conclusions, including cases from the United States Court of Appeals for the Fifth, Ninth, and Eleventh Circuits.

cases pending before the same Court, but have also argued against any suggestion that the FCIA preempts their state law claims against Defendants [4:11-cv-60, Doc. 28; 4:11-cv-61, Doc. 29]. Defendants, in failing to respond to the Court's order to brief the jurisdiction issue and in spite of their removal of the cases to this Court, have offered no arguments in support of this Court's subject matter justification.

As a preliminary matter, judicial economy does not create subject matter jurisdiction, and the parties cannot agree to federal question jurisdiction where it does not exist. *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 n. 1 (9th Cir. 1993) ("The parties cannot . . . create federal court subject matter jurisdiction by stipulation"). Instead, it is afforded by diversity jurisdiction, which is not claimed to exist in this case, or by "federal question" jurisdiction. For federal question jurisdiction, 28 U.S.C. § 1331 states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Removal of cases filed in state court to federal court is governed by 28 U.S.C. § 1441, which dictates that "state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In conjunction with these statutes, the existence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which focuses on whether federal questions are asserted in the complaint without regard to any federal defenses. *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

The United States Court of Appeals for the Sixth Circuit has identified four ways in which a complaint can "arise under" federal law to establish federal question jurisdiction: "it . . . (1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or

3

(4) artfully pleads state-law claims that amount to federal-law claims in disguise." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010) (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007)). Applying these ways in which a complaint may arise under federal law here, there is no federal cause of action asserted on the face of either complaint at issue[2] and the Court finds no basis to conclude that Plaintiffs have engaged in any "artful pleading" to disguise federal claims as state law claims. The Court has subject matter jurisdiction over Plaintiffs' complaints, therefore, only if the state law claims asserted therein are completely preempted by federal law or the state law claims implicate a substantial question involving federal law.

### A. Complete Preemption

The complete preemption doctrine is a very narrow exception to the well-pleaded complaint rule and is intended to be used sparingly for only a few "extraordinary" statutes. *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005). It is important to note that complete preemption and simple, or defensive, preemption are different principles. While a plaintiff's individual state law claims may be preempted by federal law or regulation because the state law conflicts with federal law or regulation or the law explicitly invalidates certain types of state law claims, that does not equate to complete preemption, which is "designed to occupy the regulatory field with respect to a

---

[2] Although the first page of the complaint in 4:11-cv-60 is styled as concerning Plaintiffs Travis Wanamaker and Three T Nursery (among other Plaintiffs), and the first page of the complaint in 4:11-cv-61 is styled as concerning Plaintiffs Dusty Wanamaker and Skymont Farms Nursery (among other Plaintiffs), the two complaints are in fact identical beyond the first page and only assert facts with respect to Travis Wanamaker and Three T Nursery. Thus, it appears the complaint in 4:11-cv-60 was inadvertently filed in both cases with only the style of the case changed. At the scheduling conference held on March 20, 2012, the Court made Plaintiffs aware of this error and Plaintiffs indicated they might need to file an amended complaint in 4:11-cv-61 to reflect the facts that pertain to Dusty Wanamaker and Skymont Farms Nursery. To date, however, no motion for leave to amend the complaint has been filed in 4:11-cv-61.

4

particular subject" and mandate that all claims asserted within that field, including state law claims, be addressed exclusively in federal court. *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995), *see Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 260 (6th Cir. 1996). "[T]he doctrine of complete preemption makes removal available automatically in those extraordinary cases where a state law claim is completely preempted." *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 527 (6th Cir. 2000) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-67 (1987)). Furthermore, the Sixth Circuit has recognized precedent that only Congress can effect complete preemption of a state law cause of action and that federal regulations promulgated by federal agencies do not carry equal weight in the analysis. *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004) (citing cases).

The United States Supreme Court has determined that the doctrine of "complete preemption" applies to the Labor Management Relations Act, the Employee Retirement Income Security Act ("ERISA") and the National Bank Act. *See Brunner*, 629 F.3d at 531 (citing *Metro. Life Ins. Co.*, *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557 (1968), and *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003)), *see also Palkow*, 431 F.3d at 553 n. 6 (pointing out another area in which the Supreme Court has recognized complete preemption). The Sixth Circuit has expanded the doctrine to one other statute, the National Flood Insurance Act ("NFIA"), and has declined to further extend the doctrine. *Mikulski*, 501 F.3d at 564, *see also Palkow*, 431 F.3d at 553 n. 6 (acknowledging a number of circuit courts, including the Sixth Circuit, have also recognized preemption in a section of the Copyright Act). The Sixth Circuit does not follow a specific test for determination of complete preemption, instead looking to the statute at issue to ascertain Congress's intent. "Without evidence of Congress's intent to transfer jurisdiction to federal courts, there is no basis for invoking federal judicial power." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d

5

1244, 1253 (6th Cir. 1996).

The FCIA contains two provisions regarding lawsuits, reproduced below as they appeared during the time relevant to these cases:

> (d) Suit
>
> The Corporation, subject to the provisions of section 1508(j) of this title, may sue and be sued in its corporate name. . . . **The district courts of the United States, including the district courts of the District of Columbia and of any territory or possession, shall have exclusive original jurisdiction, without regard to the amount in controversy,** *of all suits brought by or against the Corporation*. The Corporation may intervene in any court in any suit, action, or proceeding in which it has an interest. *Any suit against the Corporation* **shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business.**

7 U.S.C. § 1506(d) (emphasis added).

> (j) Claims for losses
>
> (1) In general
>
> Under rules prescribed by the Corporation, the Corporation may provide for adjustment and payment of claims for losses. The rules prescribed by the Corporation shall establish standards to ensure that all claims for losses are adjusted, to the extent practicable, in a uniform and timely manner.
>
> (2) Denial of claims
>
> (A) In general
>
> **Subject to subparagraph (B), if a claim for indemnity is denied by the Corporation or an approved provider, an action on the claim** *may be brought against the Corporation or Secretary* **only in the United States district court for the district in which the insured farm is located.**

7 U.S.C. § 1508(j) (emphasis added). These provisions specifically provide for exclusive federal

jurisdiction over lawsuits filed arising from crop insurance policies, but only provide for such jurisdiction as to suits against the "Corporation," meaning the Federal Crop Insurance Corporation ("FCIC"), or the "Secretary," meaning the Secretary of Agriculture. *See* 7 U.S.C. § 1502(b)(4), (7).[3] These sections make no provision for suits filed against the private insurance companies issuing reinsured policies or the local insurance agencies or agents.

The FCIA also includes the following provision with respect to the interplay of state law with crop insurance policies:

> (l) Contracts
>
> The Corporation may enter into and carry out contracts or agreements, and issue regulations, necessary in the conduct of its business, as determined by the Board. State and local laws or rules shall not apply to contracts, agreements, or regulations of the Corporation or the parties thereto *to the extent that* such contracts, agreements, or regulations provide that such laws or rules shall not apply, or to the extent that such laws or rules are inconsistent with such contracts, agreements, or regulations.

7 U.S.C. § 1506(l) (emphasis added). This provision establishes simple or defensive preemption, invalidating state laws, rules, and claims that are specifically addressed as inapplicable in the contracts or regulations or those which conflict with the federal statutes or regulations governing crop insurance. As other courts have found, this provision does not completely preempt the field of crop insurance as to exclude all state law claims and mandate jurisdiction in federal courts. *See Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 686 (5th Cir. 2001), *Reimers v. Farm Credit Servs. AgCounty, ACA*, No. CIV. A3-00-168, 2001 WL 1820379, at *5 (D.N.D. June 22, 2001) ("[T]he FCIC regulations do preempt and limit certain state and local government action

---

[3] These definitions are now contained in 7 U.S.C. § 1502(b)(4), (8).

and interference . . . [but] this type of preemption is merely a defense to a lawsuit; it is not a jurisdictional limitation."), *Horn v. Rural Cmty. Ins. Servs.*, 903 F. Supp. 1502, 1505 (M.D. Ala. 1995) (noting the section provides a preemption defense), *Hyzer v. CIGNA Prop. Cas. Ins. Co.*, 884 F. Supp. 1146, 1151 (E.D. Mich. 1995) (discussing § 1506(k), the predecessor to this section, and criticizing the *Brown* court's reliance on this section to find complete preemption).

The courts which have addressed the issue of complete preemption under the FCIA have focused on the statutes, regulations, and legislative history to determine Congress's intent. Beginning with the applicable cases from appellate courts, the court in *Rio Grande* applied the Fifth Circuit's three-part test to analyze an area of law for complete federal preemption and noted as follows:

> First, neither the FCIA nor the regulations issued by the FCIC under its authority contain any civil enforcement provisions that would create a federal cause of action against crop insurance agents. The absence of a federal remedy makes it difficult to conclude that Congress intended to displace state law. . . . Second, the FCIA's express grant of federal jurisdiction is limited to suits by and against the FCIC, not other parties. . . . Third, the statute does not contain a clear manifestation of congressional intent to displace all state law claims by insureds against crop insurance agents. . . . The court finds no evidence that Congress intended to so displace state law claims against agents who sell policies reinsured by the FCIC as to convert them to federal claims and subject them to federal jurisdiction.

*Id.* at 686-87.

The Eleventh Circuit noted that the evolution of 7 U.S.C. § 1508(j)(2)(A) during the legislative process changed it from *mandating* lawsuits against *either* the FCIC or a reinsured private insurance company to be filed in federal court to *permissibly allowing* suits to be filed in federal district court *only* if the suit was against the FCIC. *Williams Farms of Homestead, Inc. v. Rain & Hail Ins. Servs., Inc.*, 121 F.3d 630, 634 (11th Cir. 1997). The *Williams* court further noted that had

8

Congress intended to require such suits against private insurance companies be filed in federal court, it could have included a provision much like that in the National Flood Insurance Act; as it had not, the *Williams* court "infer[red] that Congress intended to leave insureds with their traditional contract remedies against their insurance companies . . . includ[ing] a state law breach of contract claim."[4] *Id.* at 635. *See also Bullard v. Southwest Crop Ins. Agency, Inc.*, 984 F. Supp. 531, 536 (E.D. Texas 1997) (agreeing with *Williams* that the difference between the NFIA and the FCIA supports the lack of a specific grant of federal jurisdiction in cases involving private insurance companies).

A Ninth Circuit case, *Holman*, has been cited by several courts reaching the conclusion that there is no complete preemption. In *Holman*, the Ninth Circuit reviewed the legislative history of the FCIA and noted the review "uncovers no congressional intent that claims against insurance agents for the agents' own errors or omissions are to be deemed to create federal-question jurisdiction." *Id.* at 669. The *Holman* court found, therefore, that the FCIA did not have the preemptive force to satisfy the doctrine of complete preemption. *Id.* at 670.

Several district courts have also determined the FCIA does not completely preempt the field of crop insurance. For example, the United States District Court for the District of North Dakota in *Bullinger v. Trebas*, 245 F. Supp. 2d 1060 (D.N.D. 2003) ruled that "neither the legislative history of the Federal Crop Insurance Act nor its express provisions establish an intent to create a federal cause of action against private insurance companies or to grant exclusive federal jurisdiction over

---

[4] The NFIA, which allows private insurance companies to write flood insurance policies in conjunction with the Federal Emergency Management Agency, includes a provision which provides that a lawsuit may be instituted "against *such company or other insurer* in the United States district court for the district in which the insured property . . . shall have been situated. . ." 42 U.S.C. § 4053. In contrast, the provisions of the FCIA reproduced above only concern suits filed against the Corporation or the Secretary, not other approved insurance providers. *See* 7 U.S.C. § 1506(d); 7 U.S.C. § 1508(j)(2)(A).

9

such suits." *Id.* at 1066. In the absence of clear intent, the FCIA did not completely preempt state and common law claims against private insurance companies and did not create a federal cause of action for lawsuits filed against such companies. *Id.* at 1067.

In *Agre v. Rain & Hail, LLC*, 196 F. Supp. 2d 905 (D. Minn. 2002), the United States District Court for the District of Minnesota analyzed the applicable regulations and statutes to find Congress had no intent to preempt state claims arising from a crop insurance policy. *Id.* at 912. The *Agre* court held that, in the FCIA, "Congress did confer exclusive federal jurisdiction over cases in which the FCIC is a party. It also granted exclusive jurisdiction over indemnity suits against the FCIC. These specific grants of exclusive jurisdiction lead the Court to consider one of the traditional canons of statutory interpretation: *est inclusio unius est exclusio alterius*." *Id.* (citing 7 U.S.C. § 1506(d) and § 1508(j)(2)(A)) (emphasis in original).[5]

Similarly, the court in *Reimers* noted the "FCIA contains no section or language expressly

---

[5] "Inclusion of one thing indicates exclusion of the other." *Agre*, 196 F. Supp. 2d at 912 n. 8. The *Agre* court also looked to two regulations, 7 C.F.R. § 400.352(a) and § 400.176, but these sections have changed from what they stated in 2002 when *Agre* was decided, rendering them slightly less applicable to the current analysis. *See also Reimers*, 2001 WL 1820379, at *5 (discussing the same regulations). Section 400.352 prohibits various kinds of state action to promulgate rules and regulations that would affect crop insurance policies, and the specific references to cases in state court have been eliminated. Section 400.176 prohibits policyholders from seeking reimbursement from a state fund or program for their crop insurance losses and restricts allowable damages against insurance companies. Although these regulations do not provide the obvious support against complete preemption outlined in *Agre*, it does not follow from these specific preemptions that the entire rubric of state law claims and state court actions against the private insurance companies or insurance agents would be excluded. Indeed, the inclusion of the restrictions in § 400.176(b) in a section titled "state action preemptions" would seem to imply that such actions against an insurance company would take place in state court and the available damages would be accordingly limited. As the *Reimers* court noted, this type of preemption is not relevant to the complete preemption inquiry because it is defensive, or simple, preemption. 2001 WL 1820379 at *5. Furthermore, as noted above, even if these regulations contained language to suggest complete preemption, a federal regulation does not carry the weight of a statute in the complete preemption analysis.

10

limiting the right to bring state causes of action against private insurers in state court. In contrast, the FCIA grants exclusive federal jurisdiction over actions against the FCIC. . . . It can only be concluded from such a provision that Congress knew how to create exclusive federal jurisdiction yet chose not to do so with regard to private insurers." *Reimers,* 2001 WL 1820379, at *3-4.

Although the *Brown* decision finding complete preemption was issued by the United States District Court for the Southern District of Texas (and has theoretically been cast into doubt by *Rio Grande*, referenced above), two other districts in Texas–the Northern and Eastern–have reached the opposite conclusion. As in *Rio Grande*, the court in *Halfmann v. USAG Ins. Servs.*, 118 F. Supp. 2d 714 (N.D. Texas 2000) reviewed the Fifth Circuit's three-part test to find that there was no specific provision in the FCIA or its regulations mandating federal jurisdiction in cases involving approved insurance providers, no jurisdictional grant which would give federal courts jurisdiction over such cases, and no clear congressional intent to completely preempt the field of crop insurance, given that an earlier version of 7 U.S.C. § 1508(j) included insurance providers in the federal jurisdictional grant and the final version removed them. *Id.* at 718-21.

The court in *Bullard* rejected the analysis in *Brown* as erroneously equating suits against the FCIC with suits against private insurance companies and found that the FCIA contained no explicit grant of federal jurisdiction for suits against the insurance companies or agents. *Bullard*, 984 F. Supp. at 535-36. The *Bullard* court compared the specific grant of jurisdiction over *any action* in the ERISA statute with the FCIA's grant of jurisdiction only over suits involving the FCIC or Secretary and also referenced the legislative history which omitted the term "or insurance provider" from the final version of the statute. *Id.* at 536-37. The *Bullard* court held that "the FCIA fails to express the clear manifestation of congressional intent necessary for a finding of complete

11

preemption. Neither the legislative history of the FCIA nor its express provisions clearly establish Congress' intent to create a federal cause of action against private insurance companies, or to grant federal jurisdiction over such suits." *Id.* at 538.

A few other district courts, including this one, have reached the same conclusion for largely the same reasons. *See Skymont Farms v. North*, No. 4:09-cv-77, 2012 WL 996619 (E.D. Tenn. Mar. 22, 2012)[6]; *Horn*, 903 F. Supp. 1502 (finding "no indication that Congress intended that suits against reinsurers of the FCIC be included in the jurisdictional provision"), *Hyzer*, 884 F. Supp. at 1149-53 (distinguishing between complete preemption and defensive preemption and finding the former inapplicable to the FCIA), *O'Neal v. CIGNA Prop. & Cas. Ins. Co.*, 878 F. Supp. 848, 850-52 (D.S.C. 1995) (claims against the insurance agency and insurance provider for their own errors and omissions were not completely preempted by the FCIA such that they had to be filed in federal court), and *Ehler v. Empire Fire & Marine Ins. Co.*, No. 5-93-CV-48, 1993 WL 778122, at *1-2 (W.D. Mich. 1993) (following *Holman*'s lead to find no federal question jurisdiction over case which involved only state law contractual claims against the insurance company and insurance agency).

The Court agrees with the majority of courts that have addressed this issue and concludes that the complete preemption doctrine does not apply to the FCIA. First, focusing on the statutory provisions referenced above, the sole federal jurisdictional grants in the FCIA apply only to lawsuits filed against the FCIC or the Secretary of Agriculture. There is no similar jurisdictional grant to private insurance companies issuing reinsured policies and, without unnecessarily echoing prior

---

[6] This Court reached the same conclusion in Civil Action No. 4:09-cv-97, *Scruggs Farm Nursery, et al. v. Suzanne North, et al.*, and Civil Action No. 4:09-cv-98, *Cain Field Nursery, et al. v. Suzanne North, et al.*, but these two cases do not currently have Westlaw citations.

12

cases or belaboring the point, several of the courts cited above have reviewed the legislative history on this issue to bolster the point that the lack of such a grant was not accidental because an intermediate version included insurance providers in the federal jurisdictional grant and the final version removed them. *See Williams*, 121 F.3d at 634, *Bullinger*, 245 F. Supp. 2d at 1067, *Halfmann*, 118 F. Supp. 2d at 721, *Bullard*, 984 F. Supp. at 537. Moreover, even if there was such a grant, it is unlikely it would apply to the instant cases, which involve only a local insurance *agency* and *agent*, not the insurance company that has the relevant reinsurance contract with the FCIC and actually issued the crop insurance policies.[7] In addition, the only provision in the FCIA addressing state law merely invokes simple preemption of specifically addressed or conflicting state laws or rules and does not indicate that *no* state law could possibly apply to a crop insurance policy. While certain state law claims might be preempted by that provision, the statute by its very nature contemplates the possible application of non-conflicting state law, but there is no indication in the statute that all such state law claims must be adjudicated in federal court.

Finally, the Court finds the reasoning in *O'Neal* provides another relevant basis for refusing to find complete preemption: "no express prohibition exists against a private insurer selling crop insurance . . . it is possible for a private insurer to sell crop insurance [because] [t]he federal regulations apply only to crop insurance that is reinsured or insured by the FCIC. Because of this possibility of private crop insurance, federal law cannot be said to have occupied the field." *O'Neal*,

---

[7] The case against the insurance company, Rural Community Insurance Agency, Inc., Civil Action No. 4:11-cv-29, appears to relate only to claims asserted in Civil Action No. 4:11-cv-60, not claims asserted in Civil Action No. 4:11-cv-61. Given that these cases are only filed against the local agency, agent, and his estate, and arises from Defendants' alleged actions and representations in procuring the insurance policies for Plaintiffs, any justification for or necessity of federal jurisdiction over these cases is even more remote than in cases involving the insurance companies that issued crop insurance policies.

13

878 F. Supp. at 852.

Accordingly, the Court **CONCLUDES** the FCIA is not an "extraordinary statute" to which the doctrine of complete preemption applies. Congress did not clearly express an intent in the FCIA to completely preempt the field of crop insurance such that the federal courts have exclusive jurisdiction over any case arising from a crop insurance policy, even those asserting solely state law claims. Instead, the FCIA mandates federal jurisdiction only over a case involving the FCIC or the Secretary of Agriculture, and complete preemption will not provide the basis for federal jurisdiction over these cases against the insurance agency and agent.

### B. Substantial Question

The only other available avenue to maintain the cases in this Court, then, is if the complaints involve a substantial question of federal law. The parties did not address this issue and the case law is against them. For example, the *Agre* court addressed whether state law claims arising from a crop insurance policy could be said to create a "substantial federal question" (such that the federal court should maintain jurisdiction) and determined "[t]he mere fact that a case touches on questions of federal law–here crop insurance–does not alone provide this Court with subject matter jurisdiction." *Agre*, 196 F. Supp. 2d at 913. The court further stated, "In our modern society, federal regulations impact almost every conceivable activity" and if the opposite conclusion prevailed, "it would difficult to find any complex case that could not be removed to federal court." *Id.* at 913. The court in *Halfmann* reached the same conclusion, stating that "[r]emoval cannot be based simply on the fact that federal law may be referred to in some context in the case. If the claim does not 'arise under' federal law, it is not removable on federal question grounds." *Halfmann*, 118 F. Supp. 2d at 721.

As noted above, there is a pending related case, Civil Action No. 4:11-cv-29, in which

certain Plaintiffs are proceeding against the insurance company that issued the applicable crop insurance policy to Plaintiffs. It appears to the Court that the posture of these cases and the related case against the insurance company would nearly eliminate the need to address any questions of federal law, let alone a substantial one, in these cases. The parties have essentially explained the relationship between the cases as follows: if insurance coverage is found in the related case against the insurance company, then there will be no need to continue pursuing a case against the agency and agent, as the relief sought would be received; if, on the other hand, the Court finds no insurance coverage in the related case, then a case asserting state law claims against the insurance agency and agent will be the sole source of potential recovery. The Court **CONCLUDES** that Plaintiffs' complaints raise no substantial question of federal law and, indeed, these cases merely–and barely–touch on federal law. As such, Plaintiffs' complaints do not satisfy the requirements for federal question subject matter jurisdiction.

### III. CONCLUSION

For the reasons outlined above, the Court **CONCLUDES** it lacks federal question subject matter jurisdiction over these cases and, in the absence of diversity jurisdiction, there is no basis upon which the Court can maintain subject matter jurisdiction over these cases. Accordingly, the Court **ORDERS** these cases be **REMANDED** to the Circuit Court for Grundy County, Tennessee. The Clerk is **DIRECTED** to close both cases.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE